c

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| COLLETTE HARRIS, Plaintiff | CIVIL ACTION NO. 1:22-CV-03715 |
| VERSUS | JUDGE DRELL |
| STATE FARM FIRE & CASUALTY CO., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Rule 12(b)(6) Motion to Dismiss (ECF No. 21) filed by Defendants State Farm General Insurance Company ("State Farm General") and State Farm Mutual Automobile Insurance Company ("State Farm Auto"). State Farm General and State Farm Auto seek dismissal of all claims on the basis that no insurance policy existed with either entity that would provide coverage for the alleged loss. The motion is unopposed.

Because State Farm Fire & Casualty Company is the only proper Defendant in this suit, Defendants' Rule 12(b)(6) Motion to Dismiss (ECF No. 21) should be GRANTED.

I.  Background

Harris filed this diversity suit against State Farm General, State Farm Auto, and State Farm Fire & Casualty Company (collectively, "Defendants") under an alleged policy of homeowners' insurance. Harris claims she sustained property damages on or about October 9, 2020 during Hurricane Delta. ECF No. 1. At the

time of filing, Harris was represented by the firm of McClenny, Mosely, & Associates, P.L.L.C. ("MMA"). *Id.*

Harris asserts she was the owner of the property located in Moreauville, Louisiana, which was insured under policy number 98-B1-P163-5 (the "Policy"). *Id.* at 1. Harris claims she paid all premiums when due and the Policy was in full force and effect on August 27, 2020. *Id.* at 2.

On October 9, 2020, Hurricane Delta made landfall in Southwest Louisiana. *Id.* at 4. Harris alleges Hurricane Delta caused damage to her property, in addition to that already inflicted by Hurricane Laura. *Id.* at 4. Harris alleges that at the time of both Hurricane Laura and Hurricane Delta, the Policy was effective, providing coverage for the hurricane-related property damage. *Id.* at 5. She claims Defendants inspected the property, but the resulting estimate misrepresented the true nature and scope of the covered damages. *Id.* at 6.

Harris asserts breach of contract for Defendants' failure to timely pay all amounts owed under the Policy, despite receipt of satisfactory proof of loss. *Id.* at 7. She seeks damages, plus statutory penalties, attorney's fees, and costs. *Id.* at 7-8.

In October of 2022, the Court stayed all suits filed by MMA after concerns of misconduct by MMA attorneys. This Court determined that in MMA's Hurricanes Laura/Delta filings, there were grave concerns about the law firm's representation and due diligence in preparing their pleadings in the vast number of Hurricanes Laura/Delta lawsuits. ECF No. 4. The Court also determined that there were potential misconduct related to MMA's representation of clients in these lawsuits,

including cases filed against insurers who had no policy in place with Harris. ECF No. 9.

Harris became a *pro se* litigant by operation of an Order of this Court styled "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters" (the "Termination Order"). ECF No. 14. The Court held a status conference informing her of her responsibilities as a *pro se* litigant and ordering Defendants to file a response to the Complaint. ECF No. 15. On August 4, 2023, new counsel enrolled on behalf of Harris. ECF Nos. 16, 17.

Defendants now move to dismiss the claims against State Farm General and State Farm Auto, due to MMA including multiple State Farm entities where State Farm Fire & Casualty Company was the single insurance policy issued to Harris for the alleged loss. ECF No. 21. Defendants attach the Policy, Number 98-B1-P163-5, issued by State Farm Fire & Casualty Company to Harris, effective November 9, 2019 to November 9, 2020.[1] ECF No. 21-2. Harris has not responded to the motion, and the time for doing so has passed. Thus, the motion is considered unopposed.

---

[1] When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference and matters of which a court may take judicial notice" – including public records. *Id.*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) (citation omitted). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000).

Here, Harris's Complaint incorporates and references the Policy, Number 98-B1-P163-5. ECF No. 1 at 1. Thus, the Court need not convert the motion to consider the document attached, which were referenced in the complaint and are central to Harris's claim. *See Collins*, 224 F.3d at 499; *Norris*, 500 F.3d at 461, n.9.

## II. Law and Analysis

### A. Harris's allegations must raise a plausible right to relief.

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted."[2] But a complaint should not be dismissed "if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted).

A complaint or claim is "facially plausible" when the facts alleged "allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal citation and quotation omitted). Factual allegations need not be detailed but must "raise a right to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020).

In deciding a motion to dismiss, a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Id.* at 496. However, a court need not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Arnold*, 979 F.3d at 266 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal citation and quotation omitted)).

---

[2] And Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

B. **Harris fails to allege plausible claims against Defendants State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company.**

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Foradori v. Harris,* 523 F.3d 477, 486 (5th Cir. 2008). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050)). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on bad faith handling of a claim. To prevail under this statute, the insured must show that: (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute § 22:1973(B)(5) provides for an award of penalties when

5

an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause."

Here, the Policy attached to Defendants' motion is referenced in, and central to, the Complaint. ECF Nos 1 at 1, 21-2. Thus, it is within the proper scope of the court's review under Rule 12(b)(6). The Policy shows that it was State Farm Fire & Casualty Company, not State Farm General or State Farm Auto, that insured Harris's property on the alleged dates of loss. ECF No. 21-2. Harris's Complaint states no other basis for potential liability against State Farm General or State Farm Auto. Thus, State Farm Fire & Casualty Company is the only proper Defendant in this suit, and the claims against State Farm General and State Farm Auto should be dismissed.

### III. Conclusion

Because State Farm Fire & Casualty Company is the only proper defendant in this suit;

IT IS RECOMMENDED that Defendants' Rule 12(b)(6) Motion to Dismiss (ECF No. 21) be GRANTED, and that Harris's claims against State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen

(14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this \_\_\_\_\_ day of March 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE